Aidan M. McCormack (AMM 3017)
Sarah Anne Kutner (SAK 6516)
Nixon Peabody LLP
437 Madison Avenue
New York, New York 10022
212.940.3000

**08 CV 02006**

Attorneys for Plaintiffs, Those Certain
Companies and Those Certain Underwriters at
Lloyds, London, Subscribing Severally but not
Jointly to Policy of Insurance Certificate
Number NA3471501, as Subrogors of David
Morris International Limited,



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| Those Certain Companies and Those Certain Underwriters at Lloyds, London, Subscribing Severally but not Jointly to Policy of Insurance Certificate Number NA3471501, as Subrogors of David Morris International Limited, | |
| Plaintiffs, | **COMPLAINT** |
| 6.21 CARAT DIAMOND, | |
| Defendant-in-rem, | |
| Jay Waldmann, | |
| Claimant-Defendant. | |

Plaintiffs Those Certain Companies and Those Certain Underwriters at Lloyds, London, Subscribing Severally but not Jointly to Policy of Insurance Certificate Number NA3471501, as Subrogors of David Morris International Limited ("Plaintiffs"), by their attorneys Nixon Peabody LLP, as and for their Complaint, allege as follows:

## THE NATURE OF THIS ACTION

1. This is an in-rem action pursuant to 28 U.S.C. § 2201, seeking a declaration that the Claimant-Defendant, Jay Waldmann ("Waldmann"), has no right, title or interest in or to Defendant-in-rem 6.21 carat diamond (the "diamond"), and that all right, title and interest in and to the diamond is vested exclusively in Those Certain Companies and Those Certain Underwriters at Lloyds, London, Individually and Severally Subscribing to Policy of Insurance Certificate Number NA3471501, and as Subrogor of David Morris International Limited (the "Underwriters"). Plaintiffs also bring claims against Defendant-Claimant for replevin, conversion and constructive trust, and ask that the Court issue an Order.

## PARTIES

2. The Underwriters are comprised of private companies and underwriters who each subscribed by a certain percentage to the policy of insurance, insuring David Morris International Limited ("David Morris"). The Underwriters are all organized and operating under the laws of the United Kingdom. Plaintiffs bring this action in their capacity as subrogors of David Morris under the insurance policy.

3. Defendant-in-rem, the diamond, is a diamond weighing 6.21 carats and is the subject of the claims of Plaintiff and Claimant-Defendant Waldmann. The diamond is currently being held by the Gemological Institute of America, 580 5th Avenue, New York, New York 10036.

4. Upon information and belief, Claimant-Defendant Waldmann is an individual residing in New York.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1). The Plaintiffs are domiciled in a foreign country, Claimant-Defendant is a citizen of New York State and the Plaintiffs are seeking damages in an amount exceeding $75,000.

6. This Court has in-rem jurisdiction over the Defendant-in-rem diamond pursuant to 28 U.S.C. §1655.

7. Venue in this district is proper pursuant to 28 U.S.C. §1391(a)(2) in that the property that is the subject matter of this action is currently situated within this judicial district.

8. According to Federal Rule of Civil Procedure 17(b), "the capacity of an individual . . . to sue or be sued shall be determined by the law of the individual's domicile." Defendant is believed to be a New York citizen. Therefore, this Court has personal jurisdiction over Defendant-Claimant pursuant to C.P.L.R. 302(a)(2) because Defendant-Claimant, through himself or his agents, committed a tortious injury within the State of New York. Alternatively, this Court also has personal jurisdiction over the Defendant-Claimant pursuant to N.Y. C.P.L.R. 302(a)(1) because Defendant-Claimant, through himself or his agents, transacts business within the State of New York.

## FACTUAL BACKGROUND

*The Diamond*

9. In or around November 23, 2000, David Morris purchased the diamond from G. Music and Sons Limited ("G. Music"), 63-66 Hatton Garden, London, for a purchase price of $111,500.00.

10. At the time of the purchase, and at the present time, David Morris' principal place of business was located at 24/25 New Bond Street, London.

11. The diamond had been graded and registered with the Gemological Institute of America ("GIA"), which assigned the GIA number PD1846 to the diamond and issued corresponding diamond grading report number 11326214 on October 16, 2000.

12. GIA's grading report states that the diamond weighed 6.21 carats and measured 12.69mm x 9.35mm x 5.84mm. The report further states that the diamond's depth measures 62.5%, its table measures 56%, its polish and symmetry were classified as "good," its clarity was classified "WS1" and its color was classified "E."

13. David Morris inventoried the piece in its collection under Stock Card number 11-21-849 on November 15, 2000. The stock card lists work performed on the diamond in David Morris' workshop and the amount of the labor costs.

14. Upon information and belief, the diamond was stolen from David Morris' place of business in London on December 29, 2001, from the front window of the David Morris store at approximately 11:15 a.m. (the "theft"). Attached as **Exhibit A** solely for the Court's information is a true and correct copy of a January 10, 2002 article regarding the theft.

15. At the time that it was stolen the diamond was set in a platinum ring, which was stolen along with five other rings, a diamond necklace and a white gold bracelet watch.

16. David Morris employees present at the time of the theft and British authorities pursued the thieves, but despite their efforts, were unable to apprehend them or recover any of the jewelry stolen to this date.

17. The Underwriters have taken all reasonable and possible measures to locate the diamond and other stolen jewelry since the time of the theft to this date and intend to continue taking all possible measures going forward.

*David Morris' Insurance Policy*

18. David Morris acquired insurance policy number NA3471501 through a broker by the name of Heath Lambert Limited on our about October 10, 2001, with a policy period of July 1, 2001 to June 30, 2002 (the "policy").

19. The policy covered "all risks of physical loss of or damage to the insured valuables from whatever cause arising." The insured valuables were defined to include jewelery, among other things, "from the time the Assured acquires an interest therein . . . whilst anywhere in the world in transit or at rest."

20. After the theft, David Morris tendered a claim under the policy for the stolen items. After an extensive audit of David Morris' books and records documenting the value of the stolen jewelry, the Underwriters paid $2,498,807.38 and £50,245.58 to David Morris pursuant to the terms of a Form of Acceptance and Schedule of Stolen Jewelry and Watch Attaching to Form of Acceptance ("Form of Acceptance").

21. Under the terms of the Form of Acceptance, David Morris agreed that "upon payment of the said sum by the Interested Insurers they will become subrogated to all our title, rights and interests in the items subject of the attached schedule and in any damages or monies recoverable in respect thereof in respect of salvage or otherwise whatsoever."

22. The Underwriters now assert their rights as the subrogated owners of the property listed on the Schedule attached to the Form of Acceptance, which includes the Defendant-in-rem, the diamond as against the Claimant/Defendant, and claim superior right, title and interest in and to the diamond.

*Current Dispute*

23.  Upon information and belief, the Waldmann, who is a jewelry dealer and retailer residing in New York, purchased the diamond at an unknown pawnshop in Germany for an unknown purchase price.

24.  Upon information and belief, said pawnshop illegally acquired the diamond along with other pieces of jewelry stolen from David Morris in the theft, and thus never had and still does not have legal right, title or interest in the diamond or the other stolen items.

25.  Upon information and belief, Waldmann entrusted the diamond to an individual, Mr. Benny Sofer, who, acting as Waldmann's agent, brought the diamond to GIA to have it appraised and certified in anticipation of the diamond being offered for sale in Waldmann's retail shop.

26.  Upon information and belief, GIA employees identified the diamond and recognized it to be that owned by David Morris, which was previously certified by GIA, and alerted David Morris.

27.  Given the theft, at no time has Waldmann ever held lawful title to the diamond.

28.  Upon learning that the diamond was in GIA's possession, the Underwriters retained counsel in New York who notified GIA of the Underwriters' claim to ownership of the diamond by letter dated June 14, 2007. Attached as **Exhibit B** is a true and correct copy of that letter.

29.  GIA's counsel subsequently advised the Underwriters' counsel that GIA would not decide whose claim to the diamond was superior, and that due to GIA's own legal concerns, GIA could not hold the diamond very much longer against the Claimant/Defendant's claims and protests. GIA's counsel further advised that without a court order or an agreement between the

parties consenting to allow GIA to hold the diamond, GIA would have to return the diamond to the individual who originally brought it to them, who is, upon information and belief, Claimant-Defendant's agent.

30. Claimant-Defendant Jay Waldmann, through counsel, has agreed that GIA may hold the diamond pending resolution of who has the right, title and interest in and to the diamond.

## COUNT I
### (Declaratory Judgment)

31. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. Claimant-Defendant has no right, title or interest in or to the diamond, and all such right, title and interest is vested exclusively in the Underwriters, as subrogors of David Morris.

33. Accordingly, Plaintiffs are entitled to a binding declaration that Claimant-Defendant has no right, title or interest in or to the diamond, and all such right, title and interest is vested exclusively in the Underwriters.

34. Such a declaration by this Court will terminate the controversy that has arisen between Plaintiffs and Claimant-Defendant as to title to the diamond.

## COUNT II
### (Replevin)

35. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. Plaintiffs are the true owners of the diamond, as subrogors of David Morris.

37. Defendant-Claimant has wrongfully interfered with the rights of the Underwriters by detaining the diamond and refusing to return it to its lawful owners despite Plaintiffs' clear demand for return of the diamond.

38. Accordingly, Claimant-Defendant should be ordered to return possession of the diamond to the Underwriters.

## COUNT III
### (Conversion)

39. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 38 of the Complaint as though fully set forth herein.

40. The Underwriters are the true owners of the diamond.

41. Defendant-Claimant has wrongfully interfered with the rights of the Underwriters by detaining the diamond and refusing to return it to its lawful owners despite Plaintiffs' clear demand for return of the diamond.

42. As a direct and proximate result of Claimant-Defendant's wrongful interference with the Underwriters' rights to the diamond, the Underwriters have suffered damages in an amount to be determined at trial.

## COUNT IV
### (Constructive Trust)

43. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. The Underwriters are the true owners of the diamond, as subrogors of David Morris.

45. Defendant-Claimant has wrongfully detained the diamond and refused to return it to its lawful owners despite Plaintiffs' clear demand for return of the diamond

46. Defendant-Claimant has been unjustly enriched by his conduct.

47. Accordingly, Plaintiff is entitled to the imposition of a constructive trust on the diamond.

### COUNT V
### (Injunctive Relief)

48. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49. Upon information and belief, the Claimant-Defendant purchased the diamond from a pawnshop in Germany, who illegally acquired the diamond along with other items that were also stolen from David Morris.

50. The Underwriters are the true owners of the diamond and the other stolen items, as subrogors of David Morris.

51. Accordingly, Plaintiff is entitled to know the identity of the individual or entity from which the diamond was purchased, so it may investigate the whereabouts of the other stolen jewelry, as the true owners of that jewelry.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgment against Claimant-Defendant: (1) Declaring that Claimant-Defendant has no right, title or interest in or to Defendant-in-rem diamond, and that all right, title and interest in and to the Defendant-in-rem diamond is vested exclusively in the Plaintiffs; (2) Ordering that the diamond be placed in a mutually agreed upon escrow account or other safe place pending the Court's decision regarding the diamond's ownership; (3) Ordering Claimant-Defendant to return possession of Defendant-in-rem diamond to Plaintiffs as subrogors of David Morris; (4) Awarding damages to Plaintiffs as subrogors of David Morris as a result of Claimant-Defendant's wrongful possession of

Defendant-in-rem diamond; (5) Imposing a constructive trust on the Defendant-in-rem diamond; (6) Ordering Claimant-Defendant to produce in writing to the Plaintiff any and all information in his possession regarding the identity of the person or entity from which he purchased the diamond; (7) Awarding Plaintiffs the costs and disbursements of this action; and (8) Awarding Plaintiffs such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues so triable.

Dated: February 19, 2007

                                                Those Certain Companies and Those Certain Underwriters at Lloyds, London, Subscribing Severally but not Jointly to Policy of Insurance Certificate Number NA3471501, as Subrogors of David Morris International Limited,

By their attorneys,

_____
Aidan M. McCormack (AMM 3017)
Sarah Anne Kutner (SAK 6516)
Nixon Peabody LLP
437 Madison Avenue
New York, New York 10022
212.940.3000

10625902