UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Those Certain Companies and Those Certain Underwriters at Lloyds, London, Subscribing Severally but not Jointly to Policy of Insurance Certificate Number NA3471501, as Subrogors of David Morris International Limited,<br><br>                                        Plaintiff,<br><br>          v.<br><br>6.21 CARAT DIAMOND,<br><br>                    Defendant-in-rem,<br><br>Jay Waldmann,<br><br>                    Claimant-Defendant. | **Declaration of**<br>**<u>Sarah Anne Kutner</u>**<br><br><br><br>Case No. 08-CV-2006<br>(SHS) |

SARAH ANNE KUTNER, an attorney duly admitted to practice before this Court and the Courts of the State of New York, declares the following under penalty of perjury:

1.    I am duly admitted to practice law before the United States District Court for the Southern District of New York.

2.    I am an associate with the law firm of Nixon Peabody LLP, counsel for plaintiffs Those Certain Companies and Those Certain Underwriters at Lloyds, London, Subscribing Severally but not Jointly to Policy of Insurance Certificate Number NA3471501, as Subrogors of David Morris International Limited (the "Insurers"). As such, I am fully familiar with the facts of this matter set forth herein based on my review of the file and handing of this case.

3.    I submit this Declaration, together with the affidavit of Les Turner, accompanying exhibits and Memorandum of Law, in support of the Insurers' motion, pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rules 55.1 and 55.2 (a) of the Civil Rules for the Southern

and Eastern Districts of New York for a declaratory judgment and order on default against defendant Jay Waldmann.

4. Mr. Waldmann has failed to respond to the complaint within the time required by Rule 12(a) of the Federal Rules of Civil Procedure ("FRCP"). As such, he is in default in this action, as shown by the Clerk's certificate of default, attached as **Exhibit S**.

5. Accordingly, it is respectfully submitted that this Court grant a judgment on default against the defendant: (1) Declaring that the defendant has no right, title or interest in or to the Diamond, and that all right, title and interest in and to the Diamond is vested exclusively in the Insurers; (2) Ordering that the Diamond be turned over immediately by GIA to the Insurers, the rightful owners of the Diamond as subrogors of David Morris; (3) Imposing a constructive trust on the Diamond; (4) Ordering the defendant to produce, in writing, any and all information in his knowledge or possession regarding the identity of the person from whom or the entity from which he purchased the Diamond; (5) Awarding the Insurers the costs and disbursements of this action; and (6) Awarding the Insurers such other and further relief as the Court deems just and proper.

6. This action was commenced by the Insurers on February 28, 2008, seeking, among other things, a declaration that the Insurers possessed superior right and title to the Diamond as against the defendant as subrogors of David Morris. *See* complaint at Docket Entry #1.

7. The Diamond is being held by GIA with the consent of both the Insurers and Mr. Waldmann, through his attorney, Robert L. Tucker Esq. of Turner & Latifi, LLP. *See* e-mail dated June 25, 2007, attached as **Exhibit T**.

8. The Court has *in rem* jurisdiction over the Diamond because it is being held by GIA at their New York location, upon information at believe at 589 Fifth Avenue, New York,

NY 10017, until they are presented with an order from a court or similar authority directing to whom the Diamond is to be given as the rightful owner. *See* **Exhibit T**.

9. GIA has not conveyed a claim of ownership to the Diamond to the Insurers or this firm. Upon information and belief, GIA does not intend to make such a claim and is simply holding the Diamond until a court or similar authority decides who is its rightful owner, at which time it will surrender the Diamond to that owner.

10. Therefore, the parties to this action have constructive possession of the Diamond, and the Court has *in rem* jurisdiction over it, giving the Court the right to render a judgment as to its rightful owner.

11. Mr. Waldmann was provided the summons and complaint in this action through Mr. Tucker. *See* e-mail dated March 4, 2008, attached as **Exhibit M** (attachments omitted). Mr. Tucker previously identified himself to this firm as Mr. Waldmann's personal attorney, and has been corresponding with this firm, and with GIA and its attorneys, on Mr. Waldmann's behalf from June 2007 through the present in connection with Mr. Waldmann's claim to the Diamond.

12. Mr. Tucker responded that he did not have authority to accept service on behalf of Mr. Waldmann. *See* reply e-mail attached as **Exhibit N**.

13. Service was also made on Mr. Waldmann by mail methods. Mr. Waldmann was provided with the summons and complaint in this action through regular mail, both to his Southampton address, and to his address in Germany. *See* letter dated March 5, 2008, attached as **Exhibit O** (attachments omitted).

14. Mr. Tucker admitted that Mr. Waldmann did in fact receive the correspondence sent to him in Germany. *See* reply e-mail dated April 10, 2008, attached as **Exhibit P**.

15. Mr. Waldmann was also served through his agent Martin M. Bell, of Bell & Company LLP at 350 5th Avenue, Suite 7412, New York, New York. *See* **Exhibit Q**. Bell &

Company LLP is listed on the New York Department of State, Division of Corporations website as the agent for service of process for Mr. Waldmann's corporation, Waldmann Inc. *Id.* Mr. Bell stated at the time of service that he was authorized to accept service on Mr. Waldmann's behalf. *Id.*

16. Mr. Tucker was also notified that the initial conference, originally scheduled for April 11, was adjourned, and that the Insurers intended to file a default motion against Mr. Waldmann. *See* e-mail dated April 10, 2008, attached as **Exhibit R**.

17. Mr. Waldmann has failed and refused to answer the complaint in this action, despite the many notices and opportunities to respond. Indeed, by all appearances he has left the country and abandoned any claims to the Diamond.

18. Mr. Waldmann's time to respond to the complaint has now expired under FRCP 12(a). As the Insurers have shown that they have superior right, title and interest in the Diamond as subrogors of David Morris, the Insurers respectfully submit that they are entitled to a declaratory judgment and order on default against Mr. Waldmann.

WHEREFORE, the Insurers respectfully request that this Court grant a declaratory judgment and order on default against the defendant: (1) Declaring that the defendant has no right, title or interest in or to the Diamond, and that all right, title and interest in and to the Diamond is vested exclusively in the Insurers; (2) Ordering that the Diamond be turned over immediately by GIA to the Insurers, the rightful owners of the Diamond as subrogors of David Morris; (3) Imposing a constructive trust on the Diamond; (4) Ordering the defendant to produce in writing to the Insurers any and all information in his knowledge or possession regarding the identity of the person from whom or the entity from which he purchased the Diamond; (5)

- 5 -

Awarding the Insurers the costs and disbursements of this action; and (6) Awarding the Insurers such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
      May 9, 2008

                                                    Sarah Anne Kutner (SK-6516)

10987042.1